IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 02-cv-2216-WYD-KLM

ROYAL INDEMNITY COMPANY, a Delaware corporation

   Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation, and
AMERICAN STATES INSURANCE COMPANY, an Indiana corporation

   Defendants.

**ORDER**

I.  INTRODUCTION

THIS MATTER is before the Court on Royal Indemnity Compay's Combined Motion for Summary Judgment Against American Family and American States, filed November 30, 2007 (docket #477); American Family Mutual Insurance Company's Renewed Motion for Summary Judgment, filed November 30, 2007 (docket #476); Defendant American States Insurance Company's Motion for Summary Judgment, filed November 30, 2007 (docket #475). The parties have filed a Joint Statement of Undisputed Facts (docket #474). For the reasons stated below and during the June 13, 2008 hearing, Defendant American States Insurance Company's ("American States") and Defendant American Family Mutual Insurance Company's ("American Family") motions for summary judgment are granted. Plaintiff Royal Indemnity Company's ("Royal") motion for summary judgment is denied.

-1-

## II. FACTUAL BACKGROUND

This case arises from Royal seeking a declaration as to the duties and obligations the parties owed to certain insureds under the parties' respective insurance policies for several state court actions pending in Colorado and Nevada. These actions were brought against Royal's insured Torino Construction Corporation and related entities, who are a group of builders involved in major residential development projects, by homeowners' associations alleging faulty construction. In additional, Royal seeks equitable contribution and/or equitable subrogation and/or equitable indemnification and reimbursement damages from Defendants for their alleged failure to share the costs of defense or indemnification of the builders.

Torino Construction Company ("Torino") and Canyon Ranch Condominiums LLLP, f/k/a/ Canyon Ranch Condominium, Ltd. ("Canyon Ranch LLLP") were engaged in the development, construction, improvement and/or sale of a 440 unit condominium project located in Douglas County, Colorado, commonly known as Canyon Ranch (the "Canyon Ranch Project"). Canyon Ranch LLLP, a Torino entity, was the developer, Canyon Ranch Condominiums LLC ("Canyon Ranch") was the general partner, and Torino was the general contractor of the Canyon Ranch Project.

Royal Indemnity Company ("Royal") issued a Commercial General Liability policy, to Torino for the policy period July 8, 1996 to July 8, 1997. Canyon Ranch, among others, is a named insured under the policy issued by Royal.

This case arises out of an underlying civil action, wherein Canyon Ranch Condominiums Association (the "Association) filed a First Amended Complaint in the

District Court, County of Douglas, State of Colorado, against Torino, Canyon Ranch, and Canyon Ranch LLLP, among others, dated April 1, 1999. The action was entitled Canyon Ranch Condominiums Association, Inc. v. Canyon Ranch Condominiums, LLLP, et al. (Case No. 98-cv-545, Division 2)(the "Canyon Ranch Action"). The Association asserted claims for negligence per se, negligence, breach of implied warranties, negligent concealment, breach of contract, breach of fiduciary duty against Torino, Canyon Ranch LLLP, and Canyon Ranch. A settlement was reached in the Canyon Ranch Action for $3.85 million.

On January 30, 2000, Torino filed a Third-Party Complaint in the Canyon Ranch Action against the subcontractors, including, among others, Chambers & Son, Confidence Plumbing Co., Inc., Cripes Roofing, Inc., Frank's Finish Grading, Inc., and California Framing (collectively the "Subcontractors"). Torino sought to recover the same damages against the subcontractors that the Association alleged against Torino, Canyon Ranch, and Canyon Ranch LLLP. Other than Confidence, the Association did not assert any claims against the Subcontractors.

Royal, on behalf of itself and CUIC, claims that American States owed a duty to defend and indemnify Torino, Canyon Ranch, and Canyon Ranch LLLP in the Canyon Ranch action because they were additional insureds under both the 95/95 and 96/97 policies. American States issued Commercial General Liability policies to California Framing. Under the 95/96 policies, the entities and individuals covered are identified in the section entitled "Section II- Who Is An Insured." As defined by the section, the insureds are the named insured shown on the declaration page and its employees, but

only when the employees are acting within the scope of their employment.  Torino, Canyon Ranch LLLP, and Canyon Ranch are not identified as named insureds in the declaration page or any part of American States' policies.

American States' 95/96 policy contains an endorsement for additional insureds, which states as follows:

> ADDITIONAL INSURED - OWNERS, LESSEES
> OR CONTRACTORS (FORM B)
>
> Name of Person or Organization:
>
> ################################################
>
> (If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)
>
> WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown the Schedule, but only with respect to liability arising out of your ongoing operations performed for that insured.

No person or organization is identified in the Schedule of the additional insureds endorsement of the 95/96 policy, and no person or organization other than the named insured (California Framing) is identified in the Declarations.

American States' 96/97 contains a somewhat different additional insured endorsement:

> ADDITIONAL INSURED -OWNERS, LESSEES OR CONTRACTORS
> WITH ADDITIONAL INSURED REQUIREMENT IN CONTRACT
>
> A.  WHO IS AN INSURED (Section II) is amended to include as an insured any person or organization for whom you are performing operations if you and such person nor organization have agreed in a written contract or agreement that such person or organization be added as an additional insured on your policy.  Such person or organization is an additional insured only with respect to liability arising out of your ongoing

operations performed for that insured.

A person's or organization's status as insured under this endorsement ends when your operation for that insured are completed.

American States was provided notice of the Canyon Ranch Action and was requested pursuant to the terms and conditions of its policies, to share the costs of defense for Torino in the Canyon Ranch Action. American States refused to provide a defense to Torino as an additional insured under the policies issued to California Framing. American States provided a defense to California Framing for the Third Party Complaint filed by Torino.

American Family issued Policy No. 05-X60861 effective 11/22/96 to 1/22/97 to Named Insured David L. Chambers. American Family issued Policy Nos. 05-X29668 effective 1/9/95 to 1/9/96, 05-X29668 effective 1/9/95 to 1/9/96, 05-X29668 effective 1/9/97 to 1/9/98, to Named Insured Confidence. American Family issued Policy Nos. 05-X64662 effective 1/2/96 to 1/2/97, 05-X64662 effective 1/2/97 to 1/2/98, 05-X64662 effective 1/2/98 to 1/2/99, to Named Insured Crimes. American Family issued Policy Nos. 05-X86964 effective 10/1/96 to 10/1/97 to Named Insured Frank's.

All of American Family's additional insured endorsements contain the following language pursuant to CG 2010 10/93 Additional Insured - Owners, Lessees, or Contractors (Form B):

**Who Is An Insured (Section II)** is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of your ongoing operations performed for that insured.

Torino is identified on the Schedule and is an additional insured under Chambers' 96-97 Policy, Confidence's Policies, Cripes' Policies, and Frank's 96-97 Policy. Torino

is an additional insured under Chambers' 96-97 Policy, Confidence's Policies, Cripes' Policies, and Frank's 96-97 Policy. Chambers' 96-97 Policy, Cripes' Policies and Frank's 96-97 Policy also list Canyon Ranch LLLP on their Schedules. Canyon Ranch LLLP is an additional insured under Chambers' 96-97 Policy, Cripes' Policies, and Frank's 96-97 Policy. Torino and Canyon Ranch LLLP tendered defense of the Canyon Ranch Action to American Family as additional insureds under the policies issued to Chambers & Son, Confidence, Cripes, and Frank's. By letters dated September 10, 1999, American Family denied a defense to Torino and Canyon Ranch LLLP as to three of its insureds and on October 28, 1999, responded to the tender of defense of Torino and Canyon Ranch LLLP as to one insured. American Family provided a defense to Chambers & Son, Confidence, Cripes, and Frank's for Torino's Third Party Complaint for indemnification.

American Family was provided notice of the Canyon Ranch Action and was requested, pursuant to the terms and conditions of its policies, to share the costs of defense for Torino, Canyon Ranch, and Canyon Ranch LLLP in the Canyon Ranch Action. American Family refused to contribute towards the defense for Torino, Canyon Ranch, and Canyon Ranch LLLP in the Canyon Ranch Action.

   III.   ANAYLSIS

   A.   Standard of Review

Summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to

judgment as a matter of law." FED. R. CIV. P. 56(c).

The burden of showing that no genuine issue of material fact exists is borne by the moving party. *E.E.O.C. v. Horizon/ MS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead bring forward "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553 (1986).

In reviewing a summary judgment motion, the court must view the evidence in the light most favorable to the nonmoving party. *Anaya v. Crossroads Managed Care Systems, Inc.*, 195 F.3d 584, 590 (10th Cir. 1999). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

"When the parties file cross motions for summary judgment, 'we are entitled to assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). Cross motions for summary judgment must be treated separately – the denial of one does not require the grant of another. *Buell Cabinet v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979) (cited with approval in *Atlantic Richfield*).

B. <u>Standard for Determining Whether a Duty to Defend Exists</u>

As this is a diversity case, I must apply the substantive law of the forum state. *Blackhawk-Central City Sanitation Dist. v. American Guaranty & Liability Ins. Co.*, 214 F.3d 1183, 1188 (10th Cir. 2000). The parties agree that the law of Colorado should govern my interpretation of the underlying claims and the insurance policies involved. Thus, I will apply the most recent statement of Colorado law by the Colorado Supreme Court. *Id.* (citing *Wood v. Eli Lilly & Co.*, 38 F.3d 510, 513 (10th Cir. 1994)). The duty to defend pertains to the insurance company's duty to affirmatively defend its insured against pending claims. *Constitution Ass'n v. New Hampshire Ins. Co.*, 930 P.2d 556, 563 (Colo. 1996). The duty to indemnify relates to the company's duty to satisfy a judgment entered against the insured. *Id.* The duty to defend is triggered more easily than the duty to indemnify. *Id.* Where there is no duty to defend, it follows that there can be no duty to indemnify. *Id.* Under Colorado law, an insurer's duty to defend arises when allegations in the underlying complaint might fall within the coverage of the policy, "even if allegations only 'potentially or arguably' fall within the policies coverage." *Thompson v. Md. Casualty. Co.*, 84 P.3d 496 (Colo. 2004)(en banc) (citing *Hecla Mining Co. v. N.H. Ins. Co.*, 811 P.2d 1083, 1089 (Colo. 1991)). "An insurer seeking to avoid its duty to defend bears a heavy burden." *Id.* (quoting *Cyprus Amax Mineral Co. v. Lexington Ins. Co.,* 74 P.3d 294, 297 (Colo. 2003)). The duty to defend must be construed "liberally with a view toward affording the greatest possible protection to the insured." *Id.*

"The insurer has a duty to defend unless the insurer can establish that the

allegations in the complaint are solely and entirely within the exclusions of the insurance policy." *Hecla Mining Co.*, 811 P.2d at 1090. "If the underlying complaint asserts more than one claim, a duty to defend against all claims arises if any one of them is arguably a risk covered by the pertinent policy." *Blackhawk-Central City Sanitation Dist.*, 214 F.3d at 1189 (citing *Fire Ins. Exch. v. Bentley*, 953 P.2d 1297, 1300 (Colo. App. 1998).

1. Defendants' Motions for Summary Judgment

   a. Ongoing or Completed Operations Coverage

Defendants assert that they have no duty to defend/indemnify because the endorsements in their respective policies are limited to "ongoing operations" and therefore, do not include coverage for claims arising out of the subcontractor's completed work or operations.

The additional insured endorsement in the American States 96/97 states:

> WHO IS AN INSURED (Section II) is amended to include as an insured any person or organization for whom you are performing operations if you and such person or organization have agreed in a written contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability arising out of your ongoing operations performed for that insured.
>
> A person's or organization's status as insured under this endorsement ends when your operation for that insured are completed.

Jt Statement at p. 9, ¶ 30. American States argues that three conditions must be met to qualify as an additional insured under the 96/97 policy: (1) California Framing must have entered into a contract with Torino, Canyon Ranch, and Canyon Ranch LLLP to name them as additional insureds; (2) Torino's, Canyon Ranch's, and Canyon Ranch LLLP's liability must arise out of California Framing's "ongoing operations"; and (3) Torino's,

Canyon Ranch's, Canyon Ranch LLLP's alleged status as additional insureds ends when California Framing's operations are completed. American States argues that the Complaint from the Canyon Ranch action does not allege any property damage arising out of California Framing's ongoing operations. American States contends that California Framing provided mainly framing for the construction project. Therefore, California Framing's work was completed before the condominiums were sold and put to their intended use. American States asserts that because it owed a duty to defend an additional insured only against liability arising out of its ongoing operations and the additional insured status ended when California Framing's operations were completed, it owed no duty to defend Torino, Canyon Ranch, or Canyon Ranch LLLP in the Canyon Ranch action.

American Family contends that after Torino had substantially completed the construction of the buildings, the HOA sued Torino for defects that were discovered following transition to homeowner control. American Family notes that all four of American Family's insured subcontractors completed their work and the entire project had been competed with certificates of occupancy issued and homeowners living in the units. American Family asserts that the Additional Insured endorsement CG 2010 10/93 does not provide completed operations coverage for Torino under these circumstances. The endorsement reads as follows:

> **Who Is An Insured (Section II)** is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of your ongoing operations performed for that insured.

American Family and American States contend that *Weitz Co. LLC v. Mid-*

*Century Ins. Co.*, 181 P.3d 309 (Colo. App. 2007) is directly on point in this case. In *Weitz*, a developer-owner hired a general contractor to construct an office building. *Id.* at 310. The general contractor, in turn, hired a subcontractor to install the plumbing, heating, and air conditioning systems, including the roof and perimeter drains. *Id.* The subcontract required the subcontractor to obtain a commercial general liability policy listing the general contractor as an additional insured. *Id.* The endorsement stated that the additional insured is covered "only with respect to liability arising out of your ongoing operations performed for that insured." *Id.* at 311. The subcontractor completed its work no later than June 3, 1999, when a certificate of occupancy for the building was issued. *Id.* at 310.

"On November 11, 1999, the property owner observed property damage allegedly related to water intrusion, including the heaving of floor slabs and the resulting damage to drywall and floors." *Id.* Approximately two years after the completion of the subcontractor's work, the property owner sued the general contractor for construction defects. *Id.* The general contractor settled with the property owner and subsequently sued the subcontractor and its insurer. *Id.* The insurer filed a motion for summary judgment asserting that there was no coverage because the endorsement was limited to ongoing operation and did not include coverage for claims arising out of the subcontractor's completed work. *Id.* The trial court granted the motion. *Id.* The Court of Appeals affirmed, concluding that "under the plain and ordinary meaning of 'arising out of your ongoing operations' the endorsement to the policy does not cover competed operations and the insurer has no duty to defend or indemnify the general contractor

under the circumstances here." *Id.* at 315. It explained that the "ongoing operations" endorsement was intended to exclude "coverage to additional insureds for 'bodily injury or property damage' after the work to be performed by or on behalf of the additional insured has been completed" and "that additional insureds are not covered with respect to liability in connection with completed projects." *Id.* at 314 (quoting 4 Philip L. Brunner & Patrick J. O'Connor, Jr., Construction Law § 11:56 at 19597 (2002) and R. Carris et al., Construction Risk Management ch. VI (2004)).

Royal asserts that *Weitz* is distinguishable from the instant action. Royal claims that there is no basis for American Family or American States to conclude that Torino's liability arose out of their named insured's completed actions. Royal incorporates the argument contained in its own Motion for Summary Judgment wherein Royal contends that the only real question at issue is whether the Association's Complaint alleged property damage which potentially occurred during Chambers, Confidence, Cripes, Frank's, or California Framing's ongoing operations. Royal asserts that the Complaint does not specify when the alleged property damage occurred, instead the Complaint only provides some indication as to when complaints of property damaged were received. Royal asserts that there is no basis for American Family or American States to conclude that Torino's liability arose out of their named insured's completed operations.

I find that *Weitz* is directly on point and summary judgment is appropriate. In this case, all of the insurance policies at issue in this case are "occurrence" policies, meaning that coverage is triggered only if an accident results in property damaged

occurring during the policy period. *Leprino v. Nationwide Prop. & Cas. Ins. Co.*, 89 P.3d 487, 490 (Colo. App. 2003). Further, the First Amended Complaint in the underlying case alleges liability for property damage that was first observed after the buildings were substantially completed following transition to homeowner control. I take judicial notice that as a matter of law, Douglas County has adopted the Uniform Building Code and the International Building/Residential Codes, and according to those Codes, certificates of occupancy must be issued prior to the sale and occupancy of any of the units. *See Melton v. City of Okla. City*, 879 F.2d 706, 724 & n.25 (10th Cir. 1989)(court may take judicial notice of matters "not subject to reasonable dispute in that [they are]...capable of accurate and ready determination by resort to sources whose accuracy cannot...reasonably be questioned."). Therefore, because certificates of occupancy were issued all of the subcontractors' work was deemed completed. I find no language on the face of the complaint that suggests otherwise. I conclude that under the meaning of "arising out of ongoing operations" the endorsement of the policy does not cover completed operations and American States and American Family had no duty to defend or indemnify.

   b. Statute of Limitations

American States notes that before this case was transferred from Judge Johnson he ruled that the two-year statute of limitations applied to Royal's and CUIC's declaratory relief claims and that the three-year statute of limitations applied to their equitable contribution, indemnification and /or subrogation claims against Continental Divide. American States asserts that the law of the case doctrine should apply in this

case and that Plaintiff's claims should be time-barred. "When a court enunciates a rule of law in the course of a given case, the law of the case doctrine generally requires the court to adhere to the rule throughout the proceedings." *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981). In Judge Johnson's June 22, 2004 Order, he found: (1) the two year "catch-all" statute of limitations found at C.R.S. 13-80-101(1)(a) for breach of contract actions applied to Royal's claims for equitable contribution, subrogation, and indemnification/reimbursement; and (2) the cause of action accrued in September of 1999 when Continental Divide refused the tender of defense. Based on these finding, Judge Johnson concluded that Royal's claims against Continental Divide were time-barred.

American States contends that on July 18, 1999, both Royal and CUIC, through Godin & Baity, demanded that American States provide a defense in the Canyon Ranch action. Despite the June 18, 1999 letter American States did not provide a defense. American States asserts that as of June 18, 1999 Royal and CUIC were aware of the alleged breach, more that three years and five months before the lawsuit was filed. American States contends that this proposition is supported by the admissions of Royal's own Rule 30(b)(6) designee, Susan De Carlo, who handled the Canyon Ranch action and who authorized the filing of the instant action. Ms. De Carlo testified that American States owed a duty to defend when Godin & Baity, on behalf of both Royal and CUIC, tendered the defense to American States in June 1999. She further testified that she was aware in June 1999 that American States was in breach of its alleged duty to defend at the time Godin & Baily tendered the defense. Furthermore, American

States asserts that both Royal and CUIC incurred some damages (albeit not all of their damages) in the form of attorney fees immediately after the Canyon Ranch lawsuit was filed on April 1, 1999.

American Family also notes that the defense was tendered to American Family on July 15, 1999 and in letters dated September 10, 1999 and October 28, 1999 American Family did not accept the tender of defense.

In *Major v. Benton*, 647 F.2d 110 (10th Cir. 1981), the court discussed the law of the case doctrine applicable to interlocutory orders, holding that this doctrine "generally requires the court to adhere to the rule throughout the proceedings"; however, "[w]hen a lower court is convinced that an interlocutory ruling it has made is substantially erroneous, the only sensible thing to do is to set itself right to avoid subsequent reversal". *Id.* at 112. However, relevant to motions to reconsider, it was also stated, "Courts have generally permitted a modification of the law of the case when substantially different, new evidence has been introduced, subsequent, contradictory controlling authority exists, or the original order is clearly erroneous." *Id.*

After careful review of Judge Johnson's June 22, 2004 Order, I find that Judge Johnson's June 22, 2004 Order is the law of the case and I hereby incorporate it by reference. Applying the reasoning of Judge Johnson's Order and law of the case, I find that Royal's claims against American Family and American States are barred by the statute of limitations.

Having already found that summary judgment is appropriate, it is not necessary for me to address Defendants' other arguments regarding whether equitable

contribution is appropriate or whether CUIC's claims are barred by the unclean hands doctrine.

IV.   CONCLUSION

Based on the foregoing, it is

ORDERED that Royal's Combined Motion for Summary Judgment Against American Family and American States, filed November 30, 2007 (docket #477) is **DENIED**.  It is

FURTHER ORDERED that American Family's Renewed Motion for Summary Judgment, filed November 30, 2007 (docket #476) is **GRANTED**. It is

FURTHER ORDERED that Defendant American States' Motion for Summary Judgment, filed November 30, 2007 (docket #475) is **GRANTED**.  It is

FURTHER ORDERED that this case is **DISMISSED**.

Dated:  September 18, 2008

                                                       BY THE COURT:

                                                       s/ Wiley Y. Daniel  
                                                       Wiley Y. Daniel  
                                                     U. S. District Judge